| | |
|---|---|
| | IN THE UNITED STATES DISTRICT COURT |
| | FOR THE NORTHERN DISTRICT OF CALIFORNIA |
| | SAN JOSE DIVISION |

UNITED STATES OF AMERICA,

    Plaintiff(s),

v.

MICHAEL BAUER,

    Defendant(s).

CASE NO. 5:09-cr-00980 EJD

**ORDER DENYING DEFENDANT'S MOTION TO TERMINATE OR MODIFY SUPERVISED RELEASE**

[Docket Item No(s). 3]

On April 8, 2003, Defendant Michael Bauer ("Defendant") was convicted by a jury of conspiracy to distribute and possession with intent to distribute methamphetamine in violation of 21 U.S.C. §§ 846 and 841(a)(1). See Judgment, Docket Item No. 2. Judge Myron H. Thompson of the United States District Court for the Middle District of Alabama then sentenced Defendant to a term of imprisonment of 85 months followed by a 5-year term of supervised release. See id.

Defendant was released from custody on August 4, 2008, and thereafter began serving the imposed term of supervised release. See Mot. to Terminate or Modify Supervised Release ("Motion"), Docket Item No. 3. On October 8, 2009, responsibility for Defendant's supervision was transferred from Alabama to the Northern District of California. As a condition of supervised release, Defendant is prohibited from leaving the judicial district without the permission of the court or probation officer. See id.

Defendant is scheduled to be released from supervision on August 3, 2013. After serving approximately three and one-half years of the five-year term, Defendant now moves for an order

1
CASE NO. 5:09-cv-00980 EJD
ORDER DENYING DEFENDANT'S MOTION TO TERMINATE OR MODIFY SUPERVISED RELEASE

terminating supervised release pursuant to 18 U.S.C. § 3583(e)(1). The Government has filed a response to Defendant's motion and the Probation Office has provided a recommendation to the court. Having considered all relevant submissions and documents, the court finds this matter suitable for decision without a hearing. For the reasons stated below, Defendant's motion will be denied.

**I. DISCUSSION**

18 U.S.C. § 3583(e)(1) provides, in pertinent part:

> The court may, after considering the factors set forth in section 3553 (a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7) --
>
> (1) terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice . . . .

"[T]he plain language of the statute indicates that the district courts have broad discretion to alter the conditions of a defendant's supervised release." United States v. Miller, 205 F.3d 1098, 1100 (9th Cir. 2000). "Occasionally, changed circumstances - for instance, *exceptionally* good behavior by the defendant or a downward turn in the defendant's ability to pay a fine or restitution imposed as conditions of release - will render a previously imposed term or condition of release either too harsh or inappropriately tailored to serve the general punishment goals of section 3553(a)." United States v. Lussier, 104 F.3d 32, 36 (2nd Cir. 1997) (emphasis added). The modification or termination mechanism provided by § 3583(e)(1) allows the court "to respond to changes in the defendant's circumstances that may render a previously imposed condition of release either too harsh or inappropriately tailored to serve the general punishment goals of § 3553(a)." United States v. Gross, 307 F.3d 1043, 1044 (9th Cir. 2002).

Here, Defendant argues that termination of supervised release is appropriate for two main reasons. First, Defendant contends he has complied with all terms of his supervised release and has "successfully adjusted to reentry into society" by securing employment, completing several rehabilitation programs, and becoming involved with his family. Second, Defendant believes that the condition restricting travel hinders his ability to work.

The Government opposes Defendant's request. As to Defendant's claim of compliance with release conditions and reentry into society, the Government argues that these circumstances, while commendable, do not themselves constitute the type of changed circumstances or "exceptionally good behavior" contemplated by Lussier and its progeny. See Lussier, 104 F.3d at 36; see also Folks v. United States, 733 F. Supp. 2d 649, 651 (W.D.N.C. 2010) ("[E]ven '[m]odel prison conduct and full compliance with the terms of supervised release is what is expected of a person under the magnifying glass of supervised release and does not warrant early termination.'"); see also United States v. McKay, 352 F. Supp. 2d 359, 361 (E.D.N.Y. 2005) (finding that defendant's resumption of his "pre-incarceration life," including the restoration of family participation, "are expected of a person on supervised release and do not constitute the 'exceptional behavior'" contemplated by § 3583(e)(1)); see also United States v. Grossi, No. 04-40127 DLJ, 2011 U.S. Dist. LEXIS 22831, at *5-6, 2011 WL 704364 (N.D. Cal. Feb. 11, 2011) ("Mere compliance with the terms of supervised release is what is expected, and without more, is insufficient to justify early termination."). In response to Defendant's issue with the travel condition, the Government points out that Defendant has not established that termination of the restriction is necessary to alleviate a particular hardship. Moreover, the Government believes this issue is better handled by the probation officer in the first instance.

For its part, the Probation Office does not recommend early termination of supervised release for Defendant. Although the Probation Office concurs that Defendant has been compliant, his conduct has not been described as exceptional.

After considering all the statutory factors, the court concurs with the Government and the Probation Office that Defendant has not demonstrated the type of circumstances justifying a modification or termination of his supervised release. While the court does not wish to minimize Defendant's laudable post-incarceration accomplishments, it is nonetheless apparent that the reasons cited by Defendant - compliance with release conditions, resumption of employment and engagement of family life - are expected milestones rather than a change of circumstances rendering continued supervision no longer appropriate. See McKay, 352 F. Supp. 2d at 361; see also United States v. Wientraub, 371 F. Supp. 2d 164, 167 (Dist. Conn. 2005) ("Although Weintraub's ongoing

3
CASE NO. 5:09-cv-00980 EJD
ORDER DENYING DEFENDANT'S MOTION TO TERMINATE OR MODIFY SUPERVISED RELEASE

and full compliance with all conditions of supervised release, including payment of the fine and restitution, is commendable, in the end that is what is required of all criminal defendants and is not a basis for early termination of his supervised release."). Indeed, Defendant may receive additional benefit from the balance of the release term.

Nor has Defendant demonstrated that the travel restriction is unduly burdensome such that it should be modified or terminated. Although Defendant generally indicates it "can take from two weeks to a month" to obtain permission to travel outside the district, he has not cited a specific instance for which the travel restriction limited his ability to perform his job duties. See United States v. Rasco, No. 88 Cr. 817 (CSH), 2000 U.S. Dist. LEXIS 497, at *6-7, 2000 WL 45438 (S.D.N.Y Jan. 19, 2000). Moreover, the court is aware that travel requests, especially those relating to employment, can be expedited and accommodated through the Probation Office. It is therefore recommended that Defendant consult his assigned probation officer if the travel restriction has truly become an obstacle.

Ultimately, the seriousness of Defendant's crimes of conviction coupled with his particular history support maintenance of the full 5-year term. The sentence imposed was and remains suitably tailored to the offensive conduct.

## II.  ORDER

Based on the foregoing, Defendant's motion to terminate or modify supervised release is DENIED.

**IT IS SO ORDERED.**

Dated: April 13, 2012

_____
EDWARD J. DAVILA
United States District Judge